EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN FERNÁNDEZ BELTRÁN, acusado y apelante.

*Número:* 17355    *Resuelto:* 5 de noviembre de 1962

*Rodríguez Otero, Ramírez & Díaz González,* abogados del apelante; *J. B. Fernández Badillo, Procurador General* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante Juan Fernández Beltrán fue convicto de asesinato en segundo grado (Artículo 201 del Código Penal, ed. 1937, 33 L.P.R.A. sec. 633) y de infringir los artículos 8 y 6 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 418 y 416. Se le sentenció a penas indeterminadas de presidio de 15 a 30 años y de 1 a 5 años en los dos primeros delitos, para ser cumplidas concurrentemente, y a seis meses de cárcel por la otra infracción. Apeló y señala como único error que en el curso del proceso que culminó en las convicciones no tuvo una debida y adecuada asistencia de abogado.

Las acusaciones en estos casos se radicaron en 2 de mayo de 1960. El acusado estuvo asistido por un abogado de su propia selección en el acto de la lectura de la acusación. Hasta la fecha del juicio tuvo indistintamente los servicios

de los abogados Jorge Luis Landing, Antonio Quirós Méndez y José H. Luciano. El juicio fue pospuesto en 9 de agosto, 21 de octubre y 14 de febrero. En esta última ocasión, y al manifestar el Lic. Augusto Burgos Mundo, quien figuraba como abogado de récord, que no representaba al acusado, el tribunal designó al Lic. José H. Luciano para que asumiera la defensa y transfirió la vista para tres meses después, o sea, para el 23 de mayo. El apelante estuvo asistido durante el curso del juicio por los abogados José H. Luciano y Luis Juan, quienes no solicitaron la suspensión del señalamiento por impreparación de la defensa. ■

El derecho a asistencia legal incluye no sólo la designación de representación legal durante el juicio sino también una oportunidad razonable para preparar la defensa. *Hernández* v. *Delgado*, 82 D.P.R. 488, 491 (1961). La preparación de la defensa comprende la presentación de los testigos y la prueba documental de que disponga el acusado, así como la oportunidad de prepararse para contrainterrogar los testigos de cargo. Es precisamente en este último punto que se apoya el apelante para insistir en que no disfrutó de la garantía constitucional de asistencia legal, y al efecto se señala una manifestación de uno de los abogados al comienzo del juicio respecto a no haber podido entrevistar algunos testigos del acusado. Sin embargo, se recesó hasta el siguiente día, y ante otra manifestación sobre la necesidad de interrogarlos para poder contrainterrogar adecuadamente al testigo Menelio Vargas, el tribunal recesó para ofrecerle al defensor la oportunidad solicitada. El contrainterrogatorio a que fue sometido el mencionado testigo demuestra a todas luces que la defensa estaba preparada, pues no sólo se le preguntó ampliamente sobre los hechos declarados en el examen directo, sino que se intentó elucidar otros, de naturaleza exculpativa para el acusado y que tendían a establecer su teoría de defensa propia. Por otro lado, un examen de la transcripción revela que los abogados que asistieron al acusado le representaron en forma competente, que presentaron la

prueba de defensa de que disponían y en todo momento estuvieron alertas y prestos a establecer la defensa propia anunciada. En la forma en que se desarrolló el proceso, difícilmente podía superarse la labor por ellos realizada.

*Se confimarán las sentencias dictadas por el Tribunal Superior, Sala de San Juan, en 7 de junio de 1961.*