HÉCTOR MORALES TORRES, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE ARECIBO, demandado; EL PUEBLO DE PUERTO RICO, interventor.

*Número:* O-69-251      *Resuelto:* 8 de diciembre de 1970

460

*Luis Arturo Sánchez Rodríguez,* abogado del peticionario; *Gilberto Gierbolini, Procurador General,* y *Jorge Ríos Torres, Procurador General Auxiliar,* abogados del interventor.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Con el propósito de establecer su teoría de defensa propia contra la acusación formulada por el Ministerio Público imputándole el delito de asesinato en segundo grado por la muerte del menor Rubén Flores Figueroa,[1] el aquí peticionario Héctor Morales Torres solicitó a la Sección de lo Criminal de la Sala de Arecibo del Tribunal Superior que ordenara a la Sección de Asuntos de Menores de dicha Sala, que le expidiera copia certificada de las resoluciones que obraran en el expediente del occiso Rubén Flores Figueroa, J-66-110, demostrativas de las faltas en que éste incurrió

---

[1] Omitimos lo relacionado con la acusación por el delito de atentado a la vida por no tener nada que ver con las cuestiones planteadas en este recurso.

siendo menor. Adujo en su solicitud que la teoría de su caso era la de defensa propia; que presentaría evidencia demostrativa del mal carácter y mala reputación del occiso, y que por tal motivo, le era necesario ver el expediente del occiso en el Tribunal de Menores para preparar su defensa. El juez de la Sección de lo Criminal accedió en parte a la moción del peticionario ordenado que se permitiera al abogado de éste examinar el expediente en cuestión, luego de lo cual debería solicitar las copias certificadas de las resoluciones específicas que le interesara. La Sala de Asuntos de Menores denegó el examen del expediente fundándose en que el Art. 7(f) de la Ley de Menores, Ley Núm. 97 de 23 junio 1955, 34 L.P.R.A. sec. 2007, y las Reglas 7.2, 11.2 y 11.3 de Procedimientos para Asuntos de Menores se lo impedían.

No estando de acuerdo, expedimos el auto para revisar.

■ Es cierto que la Ley de Menores en su Art. 7(f), *supra*, dispone que los expedientes relacionados con casos de menores no están sujetos a inspección por el público.[2] Tal prohibición, sin embargo, sólo debe aplicarse cuando la misma logre o pueda lograr los propósitos del estatuto y no menoscabe injustificadamente los derechos de un acusado a una legítima defensa.

Los propósitos de la Ley de Menores surgen con adecuada claridad de su propia Exposición de Motivos:[3]

---

[2] Las Reglas 7.2, 11.2 y 11.3 de Procedimientos para Asuntos de Menores también reglamentan el carácter confidencial del estudio social, del expediente judicial y del expediente social del menor.

[3] El Anteproyecto de Código del Menor para el Estado Libre Asociado, preparado por el Hon. Juez, Señor Edwin Cortés García, expresa con mayor amplitud, precisión y claridad dichos propósitos de la siguiente manera:

"Este Código es un compendio de reglas de conducta que, en armonía con las reglas procesales que como corolario indispensable del mismo se establecen, nos permitirá reorientar la conducta equivocada del menor de manera que podamos tener la razonable esperanza de convertirlo en un ciudadano útil a sí mismo y a la Sociedad. Para lograrlo, establecemos el Tribunal Tutelar de Menores cuyas características más sobresalientes son: (1) especialización del Tribunal, (2) supresión del uso de las pri-

"El propósito de esta ley es proveer a los niños abandonados o desajustados, preferiblemente en sus hogares, la atención y orientación necesarias para su bienestar, en armonía con el interés público; mantener y fortalecer las relaciones de dichos niños con sus familiares; privar provisional o permanentemente a los padres de la custodia de un niño solamente cuando el bienestar de éste o el interés público lo justifiquen, y brindarle, en la medida que sea posible, la orientación y atención que debió recibir en su hogar."

La Ley de Menores estatuye diversos medios para lograr estos propósitos fundamentales, siendo uno de ellos la secretividad de los expedientes de casos archivados en las Salas de Asuntos de Menores, establecida en el mencionado Art. 7(f).(⁴) Ciertamente este artículo se apoya en sólidas razones. Arranca del convencimiento de que la publicidad del expediente y de los procedimientos en las Salas de Asuntos de Menores interfieren en forma perjudicial con las posibi-

---

siones comunes para los menores, (3) la libertad supervisada y (4) la individualización en el tratamiento y la medida indeterminada o modificable, que, como complemento de esa individualización en el tratamiento, es indispensable.

El 'Tribunal Tutelar de Menores', que aquí se establece, está basado en un concepto de los métodos para bregar con eficacia con el problema social representado por la 'delincuencia de menores'. En vez de un sistema represivo de castigo, se establece uno de tutela; fundamentalmente educativo, en el que no se acusa de delito público para dar amplia oportunidad al menor de rectificar su 'conducta equivocada', sin que esa admisión de su parte, hecha bajo el amparo de esta ley, pueda nunca constituir base para un récord criminal que impida su futuro desarrollo como ciudadano de provecho."

(⁴) Otros medios establecidos en la Ley de Menores son: que ningún niño será conducido en un vehículo destinado a la conducción de presos, Sec. 2007(c); que no se tomarán las huellas digitales ni fotografía alguna de un niño puesto bajo custodia sin orden del juez, id.; que el público no tendrá acceso a las salas en que se ventilen los procedimientos a menos que los padres del menor o su encargado demanden que el asunto se ventile públicamente, Sec. 2009, que los procedimientos no se considerarán de naturaleza criminal, ni aparejarán la pérdida de los derechos civiles, ni la órden o resolución del juez constituirá impedimento para cualquier solicitud de empleo o nombramiento para un puesto o cargo dentro del servicio público, Sec. 2011.

lidades de rehabilitación del menor. *Guides For Juvenil Court Judges*, publicada por National Probation Parole Association (1957) pág. 103. Estos expedientes contienen el historial del menor con la investigación y evaluación personal del oficial probatorio. (⁵) Mientras más completa sea la información que aparezca en ellos, en mejores condiciones estará la Sala de Asuntos de Menores para comprender las dificultades del menor y para adoptar las providencias más adecuadas, no sólo a la corrección del menor, sino también a la protección de la comunidad. La publicación del expediente derrotaría este propósito fundamental. La labor del oficial probatorio, y por ende, la función misma de la Sala de Asuntos de Menores, resultaría seriamente afectada si las personas que le han brindado información sobre el menor—usualmente los parientes, el vecindario y las autoridades escolares—no tuviesen la garantía de la secretividad del expediente. También afectaría adversamente las posibilidades de empleo del menor. En resumen, la secretividad del expediente protege intereses importantes tanto para el menor como para la sociedad.

▪ Estos intereses, sin embargo, pueden venir en conflicto con otros intereses individuales no menos importantes y legítimos. En esta situación de conflicto es función judicial por excelencia la de establecer un balance razonable entre los intereses opuestos; función ésta dirigida a promover el orden y estabilidad social mediante la elección acertada de los intereses que deben prevalecer de acuerdo con las circunstancias específicas de cada caso. En el descargo de esa función estabilizadora la Sala de Asuntos de Menores venía obligada a considerar la naturaleza y alcance del interés del peticionario en examinar los expedientes frente a los inte-

---

(⁵) El expediente completo se compone del expediente judicial y del expediente social. El primero incluye la querella, el estudio social y los procedimientos ante el Tribunal. Regla 11.2. El segundo incluye todo lo relacionado con el estudio social y la supervisión del menor. Regla 11.3.

reses protegidos por la secretividad de dichos expedientes.

A poco que la Sala de Asuntos de Menores hubiese ponderado el interés del peticionario, pudo haberse percatado que no se trataba de un interés vano o caprichoso. En su moción al tribunal de instancia, el peticionario especificó que su interés era prepararse adecuadamente para sustanciar la teoría de defensa propia frente a la acusación de asesinato en segundo grado imputádale por el Ministerio Público por la muerte del menor. Se trata de un interés fundamental no solamente reconocido por el Código Penal en su Art. 209, 33 L.P.R.A. sec. 641, (⁶) sino, más importante aún, protegido constitucionalmente por formar parte del derecho de asistencia de abogado. *Cf. Hernández* v. *Delgado*, 82 D.P.R. 488 (1961); *Pueblo* v. *Fernández Beltrán*, 86 D.P.R. 356 (1962).

■ También venía obligada la Sala de Asuntos de Menores a tomar en consideración la importancia menguante del interés protegido por la secretividad del expediente una vez fallecido el menor. La muerte del menor selló inexorablemente toda posibilidad de rehabilitación. Siendo así, el examen del expediente no causaba ya perjuicio alguno a éste. Esto no significa que la secretividad perdió toda su eficacia, pués, todavía queda sujeto a protección el interés de las personas que han colaborado con la Sala de Asuntos de Menores en que no se divulgue la colaboración de ellos y se les exponga a posibles represalias o, por lo menos, situaciones desagradables con los familiares del menor fallecido.

■ La muerte del menor no tiene el efecto de convertir en documentos públicos estos expedientes, pero, como se ve, atenúa considerablemente la aplicación en forma absoluta de la prohibición contenida en el citado Art. 7(f). En otras

---

(⁶) El Art. 209, inciso 3, establece como justificación para el homicidio la defensa de la persona que lo cometiere, como la de su familia, etc.

palabras, el balance de los intereses en conflicto se simplifica una vez el menor ha fallecido.

La función estabilizadora del tribunal opera en forma similar cuando el menor está vivo. Es necesario en ambos casos ponderar los intereses en conflicto teniendo siempre presente la sabia y prudente norma jurisprudencial de que sólo cuando sea necesario para cumplir un propósito público superior en su alcance al interés individual puede aquél prevalecer sobre éste. Cf. *Griswold* v. *Connecticut*, 381 U.S. 479, 497. Es decir, la enervación del derecho individual por el Estado sólo puede justificarse por la necesidad eminentemente social de proteger el bien común.

■ El Procurador sostiene que debemos confirmar la orden expedida por la Sala de Asuntos de Menores impidiendo el examen del expediente en cuestión por el peticionario, por el fundamento que éste "no ha puesto a esta Honorable Superioridad en posición de decir que el expediente del menor es imprescindible para su defensa." No es ésa nuestra función ni tampoco lo es del tribunal de instancia. Si la información que aparece en el expediente del menor es o no necesaria para un acusado, es una cuestión que corresponde a éste determinar. La función de la Sala de Asuntos de Menores se circunscribe a determinar si autoriza o no la solicitud del peticionario a base de las normas que hemos discutido. La admisibilidad del expediente como prueba es una cuestión a ser dilucidada en el juicio tomando en consideración su materialidad y pertinencia. A este respecto, debemos señalar que es admisible la prueba sobre el mal carácter y peligrosidad del occiso cuando se aduce por el acusado la defensa propia, tanto para establecer la razonabilidad del temor del acusado a ser víctima de grave daño corporal al momento del homicidio como para corroborar prueba sobre la conducta del occiso en ese momento. Véanse: *Pueblo* v. *Cruz*, 65 D.P.R. 172, 178 (1945); *Pueblo* v. *Dumas*, 51 D.P.R. 844, 849–850 (1937); Warren, II *On Homicide*, sec.

229, pág. 756 (1938); Jones, I *On Evidence*, sec. 172 (5ta. ed.), pág. 304; Wharton, I *Criminal Evidence*, sec. 228, pág. 474 (12ma ed.); Conrad, I *Modern Trial Evidence*, sec. 181, pág. 172 (1956).

■ El único requisito para presentar prueba del mal carácter y peligrosidad del occiso es que previamente se sienten las bases. Para ello basta la mera alegación de defensa propia. *Pueblo v. Dumas,* ante.

*Se anulará la orden de la Sala de Menores impidiendo al peticionario el examen del expediente del occiso Rubén Flores Figueroa y se devolverá el caso para ulteriores procedimientos consistentes con lo aquí expresado.*

El Juez Presidente Señor Negrón Fernández no intervino, al igual que el Juez Asociado Señor Santana Becerra.