EL PUEBLO DE PUERTO RICO en interés del menor M.G.A.

*Número:* MC-94-7    *Resuelto:* 15 de marzo de 1994

*Rafael Anglada López*, abogado del peticïonario.

— O —

Voto de conformidad del Juez Presidente Señor Andréu García.

Al expresar mi conformidad con la resolución del Tribunal emitida hoy, mediante la cual se deniega el remedio solicitado, es de rigor señalar lo siguiente:

El inciso (d) del Art. 37 de la Ley Núm. 88 de 9 de julio de 1986, conocida como Ley de Menores de Puerto Rico, 34 L.P.R.A. sec. 2237(d), expone lo siguiente:

(d) *Confidencialidad del expediente.* —Los expedientes en los casos de menores se mantendrán en archivos separados de los de adultos y no estarán sujetos a inspección por el público, excepto que estarán accesibles a inspección por la representación legal del menor ·previa identificación y en el lugar designado para ello. Tanto los expedientes en poder de la Policía como aquéllos en poder del Procurador están sujetos·a la misma confidencialidad. No se proveerán copias de documentos legales o sociales para ser sacadas fuera del Tribunal.

No se suministrará información sobre el contenido de los expedientes excepto que, previa muestras de necesidad y permiso expreso del Tribunal, se conceda a funcionarios del Tribunal General de Justicia en gestiones oficiales, y aquellas personas de acreditada reputación profesional o científica que por escrito prueben su interés en obtener información para la realización de sus labores oficiales, estudios o trabajos, y siempre bajo las condiciones que el Juez estipule.

Como vemos, todo cuanto prohíbe dicho estatuto es *la inspección por el público* de los expedientes levantados en los casos de menores. Por el contrario, en su segundo párrafo, por vía de excepción, se permite la divulgación del contenido del expediente a "aquellas personas de acreditada reputación profesional o científica que por escrito prueben su interés en obtener información *para la realización de sus labores oficiales,* estudios o trabajos" bajo las condiciones que el Juez imponga. (Énfasis suplido.) 34 L.P.R.A. sec. 2237.

Tenemos que presumir que la orden dictada en este caso[1] por el Magistrado federal, Hon. Justo Arenas, cumplió con el requisito impuesto por la disposición legal transcrita de probar por escrito el interés de dicho magistrado o de la Fiscal Federal Auxiliar, Sra. Rosa Emilia Rodríguez, o de cualquier otro de los funcionarios federales mencionados

---

[1] No se incluyó una copia de la orden dictada como parte de la solicitud presentada ante nos, por lo que desconocemos sus términos.

en la petición, en la información contenida en el expediente del menor M.G.A., a los fines de descargar las funciones oficiales que les impone el correspondiente estatuto federal. No podemos imaginarnos otra situación en la cual esté mejor justificada la autorización concedida —mediante vía de excepción— por el juez de instancia para divulgar a tales funcionarios la información contenida en el expediente de este menor.

La circunstancia de que la información mencionada sea divulgada, a su vez, al Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico por la Fiscalía federal adscrita a dicho tribunal, en procedimientos relativos al *status* del menor —18 U.S.C. sec. 5032— no milita en forma alguna contra la interpretación que hemos hecho; por el contrario, esta circunstancia favorece tal interpretación. Tampoco milita en su contra lo resuelto en *Morales Torres v. Tribunal Superior*, 99 D.P.R. 459 (1970), en *Davis v. Alaska*, 415 U.S. 308 (1974), o en *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987).

A los fines aludidos bastaba que el funcionario federal concernido justificara por escrito, ante el juez de instancia, su interés en obtener la información referida para ser utilizada en los procedimientos judiciales ya informados. Dicho juez, a su vez, podía disponer que la información se mantuviera sellada y prohibir que ésta estuviera sujeta a inspección por el público o por otra persona que no estuviera *directamente* involucrada en el proceso. También podía imponer cualquier otra condición que las circunstancias particulares del caso aconsejaran. *A esos fines era innecesaria la orden que se vio compelido a dictar el Magistrado federal en este caso.*