Martínez Torres, Juez Ponente
*780 TEXTO COMPLETO DE LA SENTENCIA
Nos toca resolver en este caso si procede que se autorice la regrabación de un procedimiento ante la Sala de Asuntos de Menores del Tribunal de Primera Instancia, con el propósito de utilizarlo para un caso civil de daños. La peticionaria es la parte co-demandada en dicho caso civil, Aníbal Díaz Construction, Inc., y los demandantes son los padres de la menor que fue expuesta al proceso ante el Tribunal de Menores. Estos comparecen por sí y en representación de su hija. Ante la anuencia de las partes y el beneficio de la comparecencia del Procurador General, en representación del interés público, estamos en posición de resolver. Concluimos que procede devolver el caso al foro de instancia para que éste ausculte si la menor ha consentido válidamente a que se divulguen los procesos confidenciales llevados a cabo en la Sala para Asuntos de Menores.
I
El 15 de diciembre de 1994 el Sr. Angel L. Rodríguez Velázquez y su esposa Isabel Canales presentaron una demanda por daños y perjuicios en representación de su hija, Sheila Rodríguez Canales. La demanda se radicó contra Aníbal Díaz Construction, Inc. y el Sr. Félix Rolón Pizarra. Los daños alegadamente sufridos fueron producto de un accidente automovilístico ocurrido entre el vehículo marca Chevrolet, modelo Celebrity del 1988 conducido por la menor Sheila Rodríguez Canales, y el vehículo Ford modelo Mack del 1972, conducido por el Sr. Rolón Pizarra y propiedad de Aníbal Díaz Construction, Inc. Como consecuencia de este accidente falleció el joven José Cordero Hernández, quien viajaba como pasajero en el automóvil que conducía la menor Sheila Rodríguez Canales.
A raíz del accidente, a la menor se le radicó una falta ante el Tribunal de Primera Instancia, Sala Superior para Asuntos de Menores de Carolina, por negligencia crasa o temeraria al conducir un vehículo de motor. Luego de verse el caso en sus méritos, la menor fue encontrada no incursa en la falta que se le imputó.
Finalizado el proceso, los padres de Sheila Rodríguez Canales presentaron la demanda de epígrafe, por sí y a nombre de su hija, alegando haber sufrido daños emocionales y económicos como resultado tanto del accidente de tránsito como por verse expuestos al proceso judicial. Reclaman los demandantes que sus daños ascienden aproximadamente a $100,000.
El 12 de abril de 1995, la co-demandada-peticionaria, Aníbal Díaz Construction, Inc., pidió autorización al tribunal para revisar el expediente del caso que se ventiló en la sala de menores, con el propósito de defenderse de la demanda. Luego de que la parte demandante-recurrida se allanara a esta petición, el Hon Ismael Almodóvar García, Juez Superior, dio su autorización para que se inspeccionara el expediente de la menor. El 28 de septiembre de 1995, Aníbal Díaz Construction, Inc., solicitó permiso para regrabar dicho procedimiento, con el objetivo de preparar su defensa a la demanda civil en su contra. En esa ocasión, el Juez Almodóvar García refirió la controversia a la Honorable Magalie Hosta de Modesti, Juez Superior de la Sala para Asuntos de Menores en Carolina.
Mediante Resolución emitida el 18 de octubre de 1995, ésta denegó la petición para regrabar el procedimiento. Entendió que de conformidad con la Regla 11.1 de las de Procedimiento para Asuntos de Menores, la regrabación de dicho proceso estaba vedada. De esa resolución acude ante nos la co-demandada Aníbal Díaz Construction, Inc., alegando que erró el tribunal de instancia al determinar que la Regla 11.1 prohíbe de forma absoluta que se regraben los procedimientos ante la Sala de Menores.
Mediante Resolución emitida el 29 de enero de 1996, este Tribunal ordenó a la parte demandante-recurrida que se expresara en cuanto a la petición de los demandados. Los demandantes-recurridos se allanaron a la petición para que se regrabara el procedimiento. Luego de estudiadas las posiciones de todas las partes, entendimos que, dada la política pública recogida en el Artículo 37(d) de la Ley de Menores, 34 L.P R.A see *781 2237(d), y en las Reglas 10.3 y 11.1 de las de Procedimiento para Asuntos de Menores, era necesaria la participación del Procurador General en este recurso. Por ese motivo, el 6 de mayo de 1996 ordenamos su comparecencia.
Este ha presentado un escrito debidamente fundamentado Luego de analizar la posición de las partes y del Procurador General, resolvemos que el Tribunal de Primera Instancia, Sala de Asuntos de Menores de Carolina, incidió.
n
Según se advierte de su Exposición de Motivos, la Ley Núm. 88 de 9 de julio de 1986, conocida como la Ley de Menores de Puerto Rico, supra, sec 2201 et. seq., estableció un proceso especial, paternalista y tutelar hacia aquellos menores que han incurrido en conducta que sería delito si la cometiera un adulto. "Si bien el procedimiento continúa siendo sui géneris, al limitarse así su alcance ha adquirido matices de naturaleza punitiva que van más allá del propósito meramente rehabilitador y paternalista de la antigua ley. Pueblo en interés menor R.G.G., 123 D.P.R. 443, 460 (1989). Así, el legislador señaló en la Exposición de Motivos que esta ley adopta como marco filosófico del Sistema de Justicia Juvenil el humanismo dentro de un enfoque ecléctico de acción e intervención, donde se compatibilicen la propuesta rehabilitadora y el poder y responsabilidad posible inherente al Estado de brindarle toda oportunidad rehabilitativa, así como exigirle al menor un quántum de responsabilidad para dirigir'sus actos y responder por éstos. En la medida en que el menor no será considerado convicto y su conducta no constituirá delito, se conservará la exclusión de los derechos de fianza juicio público y juicio por jurado, los cuales no tienen cabida en el sistema por los intereses jurídicos que siguen protegiendo la supervisión del menor confines rehabilitativos y la confidencialidad del proceso por el que se le juzga." [Enfasis suplido].
Dentro de ese ámbito se han reconocido derechos constitucionales a los menores, lo que provoca que se le otorgue formalidad a todo asunto de menores que llegue al tribunal. Tan abarcador es el sentido y deber de parens patriae que otorga el Estado a estos procesos, que le ha impuesto a los mismos un manto de confidencialidad.
La confidencialidad del expediente del menor queda evidenciada en el Artículo 37(d) de la Ley de Menores, supra:

"2237. Disposiciones generales

(d) Confidencialidad del expediente. -Los expedientes en los casos de menores se mantendrán en archivos separados de los de adultos y no estarán sujetos a inspección por el público, excepto que estarán accesibles a inspección por la representación legal del menor previa identificación y en el lugar designado para ello. Tanto los expedientes en el poder de la Policía como aquéllos en poder del Procurador están sujetos a la misma confidencialidad. No se proveerán copias de documentos legales o sociales para ser sacadas fuera del Tribunal. No se suministrará información sobre el contenido de los expedientes excepto que, previa muestra de necesidad y permiso expreso del Tribunal, se conceda a funcionarios del Tribunal General de Justicia en sus gestiones oficiales, y aquellas personas de acreditada reputación profesional o científica que por escrito prueben su interés en obtener información para la realización de sus labores oficiales, estudios o trabajos, y siempre bajo las condiciones que el Juez estipule."

Igual propósito esbozan las Reglas 10.2, 10.3 y 10.4 de Procedimiento para Asuntos de Menores. Disponen entre otras cosas, que los expedientes de los casos de menores se conservarán separados de los expedientes de los casos de adultos y que dichos expedientes de los casos de menores no podrán ser examinados por particulares a menos que el tribunal les otorgue permiso. Los funcionarios del tribunal, el Procurador para Asuntos de Menores y el abogado del menor, son los llamados a examinar dicho expediente bajo las condiciones que el tribunal imponga. Fuera de estas personas, la accesibilidad al expediente está restringida de manera estricta.
En la situación ante nos, las partes ya habían recibido autorización por parte del tribunal para examinar el *782 expediente. La controversia gira en torno a si procede que se regrabe el procedimiento ante la Sala para Asuntos de Menores.
A esos efectos, como regla general, es menester realizar un balance de intereses entre el posible daño a la menor que pudiera resultar del acceso a y la regrabación de los procedimientos, y la adecuada preparación para el caso al que tienen derecho ambas partes y sus abogados En Morales Torres v. Tribunal Superior, 99 D.P.R. 459, 463-64 (1970), el Tribunal Supremo aclaró que la confidencialidad no es un derecho absoluto:

"Arranca del convencimiento de que la publicidad del expediente y de los procedimientos en la Sala de Asuntos de Menores, interfieren en forma perjudicial con las posibilidades de rehabilitación del menor. Guides For Juvenile Court Judges, publicada por National Probation Parole Association (1957) pág. 103. Estos expedientes contienen el historial del menor con la investigación y evaluación personal del oficial probatorio. Mientras más completa sea la información que aparezca en ellos, en mejores condiciones estará la Sala de Asuntos de Menores para comprender las dificultades del menor y para adoptar las providencias más adecuadas, no sólo a la corrección del menor, sino también a la protección de la comunidad. La publicación del expediente derrotaría este propósito fundamental. La labor del oficial probatorio, y. por ende, la función misma de la Sala de Asuntos de Menores, resultaría seriamente afectada si las personas que le han brindado información sobre el menor —usualmente los parientes, el vecindario y las autoridades escolares— no tuviesen la garantía de la secretividad del expediente. También afectaría adversamente las posibilidades de empleo del menor. En resumen, la secretividad del expediente protege intereses importantes tanto para el menor como para la sociedad.

Estos intereses, sin embargo, pueden venir en conflicto con otros intereses individuales no menos importantes y legítimos. En esta situación de conflicto es función judicial por excelencia la de establecer un balance razonable entre los intereses opuestos; función ésta dirigida a promover el orden y estabilidad social mediante la elección acertada de los intereses que deben prevalecer de acuerdo con las circunstancias específicas de cada caso. En el descargo de esa función estabilizadora la Sala de Asuntos de Menores venía obligada a considerar la naturaleza y alcance del interés del peticionario en examinar los expedientes frente a los intereses protegidos por la secretividad de dichos expedientes."

El Tribunal Supremo ha establecido también que:
"... el planteamiento de confidencialidad se exhalta frente a la búsqueda judicial de un derecho de estirpe constitucional. Y es que la secretividad de los expedientes de los menores (documentos y otras providencias) persigue evitar exponer a la luz pública sus identidades. De lo contrario podrían afectarse las posibilidades de rehabilitación. La secretividad reduce al mínimo el estigma popular que conlleva todo acto delictivo." Morales Torres v. Tribunal Superior, 99 D.P R. 459, 462-463 (1970).
Ahora bien, aunque de importancia la confidencialidad no es un derecho absoluto. Cuando adviene en conflicto con otros intereses individuales de mayor valía, nos regimos por un balance razonable entre los intereses opuestos. Morales Torres v. Tribunal Superior, supra pág. 463; véase además, Nevárez Muñiz, Dora, Derecho de Menores, Sec 15.1, pág. 11, nota 20, y la Regla 46(E) de Evidencia." Pueblo en interés menor S.G.S., Opinión de 6 de marzo de 1991, 128 D.P.R. _, 91 J.T.S. 30, pág. 8497.
No obstante la magnitud de los intereses identificados por el máximo tribunal, y antes de hacer el balance indicado en Morales Torres, hay que determinar si el derecho que tiene la menor Sheila Rodríguez Canales a la confidencialidad del proceso es renunciable y de así serlo, si la menor prestó su renuncia. Ese análisis es imperativo en este caso ante la anuencia de ambas partes a que se regraben los procedimientos habidos ante la Sala para Asuntos de Menores.
A este respecto nos señala María Laura Colón, en sus Comentarios a las Reglas de Procedimiento para Asuntos de Menores, 3 Forum, Núm. 125 (1987), que "[ají menor le asiste un derecho estatutario a que el estado proteja la confidencialidad de los procedimientos. Este derecho es, como todos, renunciable." En cuanto a la renuncia de derechos, el Artículo 11 de la Ley de Menores, supra, sec. 2211, dispone:

*783
"2211. Renuncia de derechos

No se admitirá la renuncia del menor a cualquier derecho constitucional que le cobije si no están presentes sus padres o encargados y su abogado y sin una determinación del Juez que ésta es libre, inteligente y que el menor conoce las consecuencias de la renuncia. No obstante, la presencia del abogado no será requerida para renunciar al derecho de asistencia de abogado."

Nada hay en el expediente que nos demuestre que la renuncia de la menor a la confidencialidad del proceso en su contra se realizó de conformidad con este Artículo. Aunque las partes están de acuerdo en que se regraben los procedimientos, el tribunal de instancia no lo permitió basado en la Regla 11.1 de Procedimiento para Asuntos de Menores.
Esta regla dispone:

"Regla 11.1 Transcripción taquigráfica o grabación. Los procedimientos ante el Tribunal se tomarán taquigráficamente o mediante grabación en cinta magnetofónica. No se permitirá otra grabación de los procedimientos, salvo la que puedan llevar a cabo el abogado del menor y el Procurador y únicamente para fines de la adecuada preparación del caso. Las notas taquigráficas y/o la grabación de los procedimientos quedarán bajo la custodia del secretario y éste no permitirá que se examinen sin previa autorización del Tribunal. La transcripción de las notas o de la grabación sólo se podrá hacer mediante orden del tribunal apelativo."

El Procurador General señala acertadamente que la grabación realizada por el Procurador para Asuntos de Menores o por el abogado del menor, a la que se refiere el primer párrafo de esta regla, es aquélla que es contemporánea con la grabación que se hace en sala. Las partes han solicitado acceso a la grabación oficial, no a la grabación hecha por los abogados o el Procurador para Asuntos de Menores. Por lo tanto, coincidimos con el Procurador General en que la Regla 11.1 no resuelve la controversia en este recurso, contrario al criterio del foro de instancia. A tenor de la jurisprudencia antes citada, la regrabación puede permitirse luego que el tribunal haga un balance entre los intereses de las partes. No es necesario hacer este balance si se determina que la menor renunció de "manera expresa, voluntaria e inteligente", a su derecho a mantener confidencial el proceso en su contra. Pueblo en interés menores A.L.R.G. y F.R.G., Opinión de 16 de marzo de 1993, 134 D.P.R. _, 93 J.T.S. 39, pág. 10521.
III
Por lo antes expuesto, se revoca la resolución de la Juez de la Sala para Asuntos de Menores que denegó la regrabación del proceso habido allí, y se ordena la celebración de una vista ante la Sala Superior que atiende este caso civil, para determinar la validez de la renuncia de la menor a la confidencialidad del proceso ante la Sala para Asuntos de Menores. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con los términos de esta Sentencia.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General