# 97 DTA 185

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA**
**PANEL I**

CENTRAL MED PHYSICIAN GROUP, C.S.P.
Recurrida

v.

PCA HEALTH PLANS OF PUERTO RICO, INC.
Peticionaria

Núm. KLCE-97-00860

San Juan, Puerto Rico, a 5 de septiembre de 1997

Panel integrado por su Presidente, Juez señor Brau Ramírez
y los Jueces señor Colón Birriel y señora Pesante Martínez

Pesante Martínez, Juez Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El 2 de septiembre de 1997 la peticionaria PCA Health Plans of Puerto Rico, Inc., (PCA) presentó ante nuestra consideración un recurso de *certiorari* al cual acompañó de Moción Urgente en Auxilio de la Jurisdicción. El aludido recurso procura obtener la revocación de la resolución, emitida sin la celebración de vista, mediante la cual se dictó una Orden de Entredicho Provisional que le requirió a PCA:

*"a) la reinstalación inmediata de un contrato que celebró con Central Med Physician Group el 18 de abril de 1997.*

*b) que se abstenga de visitar o de cualquier otra forma interferir con los médicos contratados por Central Med Physician Group en las regiones sureste y central de Puerto Rico; y*

*c) pagar Central Med Physician Group la cantidad de dinero retenida por virtud de la resolución del contrato celebrado entre las partes, cuya cantidad se estima en aproximadamente $450,000.00."*

Con carácter de urgencia, y ante el petitorio de PCA, paralizamos los efectos de la Resolución y Orden de Entredicho Provisional y le concedimos a la recurrida, Central Med Physician Inc., hasta el 5 de septiembre de 1997 para que mostrara causa, si la hubiere, por la cual no debíamos revocar la Resolución y Orden en controversia. La recurrida no cumplió con lo ordenado y optó por presentar un recurso de *certiorari* ante el Tribunal Supremo. Asimismo, nos solicitó posponer nuestro dictamen hasta que el Tribunal Supremo disponga del recurso ante su consideración. Denegamos tal solicitud y estando en posición de resolver lo hacemos según intimado.

Expedimos el auto de *certiorari*, revocamos la Resolución y Orden de Entredicho Provisional y ordenamos remitir el expediente a la Sala Superior de San Juan, quien es el Tribunal de Primera Instancia con competencia. Además, le ordenamos al Juez Administrador de dicha Región Judicial, Hon. Carlos Rivera Martínez, que proceda con carácter de urgencia a asignar el caso al Salón de Sesiones correspondiente para la celebración de una vista de *injunction* preliminar en o antes del 16 de septiembre de 1997.

I

El 22 de agosto de 1997, la demandante recurrida, Central Med Physician Group, presentó ante el Tribunal de Primera Instancia, Sala Superior de Caguas, una demanda en solicitud de un *injunction* permanente, así como que se le concedieran 80 millones en daños. Además, solicitó que se emitiera una orden de entredicho provisional. Tres días después, es decir, el 25 de agosto, el Tribunal citó a una *"vista urgente"* con miras a dilucidar la petición de la recurrida y para *"determinar las razones, si alguna, por la que no deba emitirse una Orden de Entredicho Provisional, y dejar pautada la vista de Injunction Preliminar".*

El 26 de agosto, PCA presentó Moción de Traslado. En ella adujo que la cláusula de selección del foro pactada entre las partes estipulaba que las controversias, como las presentadas en la demanda, se ventilen en la Sala de San Juan y que, por virtud de la Regla 3.4 de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 4, las demandas se han de presentar en la sala correspondiente a la residencia de la parte demandada, en este caso, San Juan.

El 27 de agosto, 5 días después de presentada la demanda, el Tribunal celebró la vista pautada. La misma fue en cámara. Las partes se limitaron a argumentar la Solicitud de Entredicho Provisional y la Solicitud de Traslado. El Tribunal no recibió prueba; dicho de otro modo, la vista no fue evidenciaria. Dos días después, el 29 de agosto, y pese al Tribunal *a quo* aceptar que no tenía competencia, procedió a declarar *"Ha Lugar"* la Moción de Traslado presentada por PCA y dictó la Orden de Entredicho Provisional. De esta última determinación es que se recurre ante esta Curia.

II

El Artículo II, Sección 7 de la Constitución del Estado Libre Asociado de Puerto Rico, al igual que su contraparte la Enmienda Catorce de la Constitución de los Estados Unidos, consagra el principio fundamental de que nadie podrá ser privado de su propiedad sin el debido proceso de ley, es decir, sin notificación previa y sin la oportunidad de ser oído. No obstante, y como excepción extraordinaria al principio rector anterior, el debido proceso de ley permite la emisión de una orden de entredicho provisional sin la celebración de una vista evidenciaria previa, únicamente en circunstancias de verdadera emergencia en las que exista el peligro inminente de que se pierda algo, se cause un daño irreparable o se haga inefectiva la jurisdicción del Tribunal. Al emitir un entredicho provisional los tribunales deben ser extremadamente cuidadosos, sobrios y ponderar los intereses de todas las partes. Al concluir su análisis deben estar completamente convencidos que de esperar a la celebración de una vista de *injunction* preliminar el remedio a concederse se tornaría académico. *A.P.P.R. v. Tribunal*

*Superior*, 103 D.P.R. 903 (1975); *Municipio de Ponce v. Hon. Pedro Rosselló González*, ___ D.P.R. ___ (1994), **94 J.T.S. 112**, op. de 29 de agosto de 1994; *Ortega Cabrera v. Tribunal Superior*, 101 D.P.R. 612 (1973); *García v. World Wide Entertainment Co.*, ___ D.P.R. ___ (1992), **92 J.T.S. 177**, op. de 24 de diciembre de 1992.

El propósito fundamental del *injunction* preliminar es *"mantener el status quo hasta que se celebre el juicio en sus méritos"*. *Cobos Liccia v. De Jean*, 124 D.P.R. 896 (1989) y el propósito del entredicho provisional es mantener el *status quo* hasta la celebración de la vista sobre el *injunction* preliminar. Es por ello, que las normas aplicables para la expedición del *injunction* preliminar aplican también al entredicho provisional, con la diferencia fundamental de que en el segundo, al expedirse sin la celebración de una vista previa, los tribunales tienen que cerciorarse de que se cumplan todos los requisitos y que se expida la orden únicamente en casos verdaderamente extraordinarios y en los cuales se acredite la existencia de una emergencia que no permita esperar a celebrar una vista de *injunction* preliminar. 11A, C.A. Wright & A. Miller, *Federal Practice & Procedure*, sección 2951 y siguientes.

En *Puerto Rico Telephone Company v. Tribunal Superior*, 103 D.P.R. 200, 203(1975), el Tribunal Supremo estableció los criterios que deben considerarse para la concesión de una orden de *injunction* preliminar ■ a saber: la naturaleza de los daños que puedan ocasionárseles a las partes de concedérsele o denegarse el *injunction*; su irreparabilidad o la existencia de un remedio adecuado en ley; la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; la probabilidad de que la causa se torne en académica de no concederse el *injunction* y, sobre todo, el posible impacto sobre el interés público del remedio que se solicita. Además de estos criterios, la ley y la jurisprudencia exigen requisitos adicionales al expedir el entredicho provisional, porque de otro modo no podrían éstos diferenciarse y uno suplantaría indiscriminadamente al otro.

*"The ex-parte temporary restraining order is indispensable to the commencement of the action when it is the sole method of preserving the state of affairs in which the court can provide effective firm relief. Immediate action is vital when imminent destruction of the disputed property, its removal, beyond the confines, or its sale to an innocent third party is threatened. In these situations given the defendant notice of the application for injunction could result in an inability to provide any relief at all."* ■

A la luz de lo anterior, resulta forzoso concluir que en el caso de autos el recurso solicitado por la recurrida no reviste el carácter de urgencia, ni es el caso extremo que amerite prescindir de una vista. El asunto puede esperar a la celebración de una vista de *injunction* preliminar. Más aún, los daños reclamados no son irreparables, sino que pudieran ser remediados en su día, de ser ello procedente, mediante la correspondiente compensación económica.

Finalmente, como consideración secundaria, el Tribunal de Primera Instancia, Sala Superior de Caguas, abusó de su discreción al entrar a resolver el asunto cuando lo propio hubiese sido trasladar el caso a la Región Judicial de San Juan. Véase, *Pérez Reilly v. Club Deportivo de Ponce, Inc.*, sentencia citada por su valor persuasivo, 126 D.P.R. 837( 1990), *Sucn. Ortiz v. Campoamor Redín*, 125 D.P.R. 106 (1990). Recalcamos, el asunto no revestía tal urgencia que impidiera esperar hasta la celebración de la vista de *injunction* preliminar, más aun cuando PCA sostiene que los servicios médico-indigentes no se han visto afectados pues ésta se ha comprometido con los proveedores de servicios de cuidado de salud a honrarle los pagos por los servicios prestados.

Por los fundamentos que anteceden se expide el auto de *certiorari*, se revoca la resolución recurrida y se remite el caso al Juez Administrador de San Juan para que proceda a asignar el asunto al magistrado correspondiente y se ordene la celebración de una vista de *injunction* preliminar a efectuarse en o antes del 16 de septiembre de 1997.

Notifíquese inmediatamente por fax y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

1. Dichos criterios son aplicables también a la concesión del entredicho provisional.

2. D. Rivé Rivera, *Recursos Extraordinarios,* Programa de Educación Legal Continuada de la Universidad Interamericana de Puerto Rico, Facultad de Derecho, San Juan, 1989, pág. 35, citando a *Development in the Law: Injuction,* 78 Harv. Law Rev. 994, 1060 (1965).