106

LA SUCESIÓN DE RAMÓN ORTIZ ORTIZ y de MERCEDES RIVERA RIVERA, ET AL., demandantes y peticionarios, *v.* FERNANDO CAMPOAMOR REDÍN y su esposa ADALIS MARIE TORRES NEGRÓN, ET AL., demandados y recurridos.

*Número:* CE-89-871      *Resuelto:* 10 de enero de 1990

*Heriberto Febus Bernardini*, abogado de los peticionarios; *Fernando Olivero Barreto*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Los demandantes peticionarios, miembros de la Sucesión de Ramón Ortiz Ortiz y de Mercedes Rivera Rivera, son propietarios de unos terrenos, sitos los mismos en el Barrio Llanos de Aibonito, Puerto Rico, los cuales colindan con terrenos pertenecientes a los demandados recurridos Fernando Campoamor Redín y su esposa Adalis Marie Torres

Negrón. Con motivo de unas desavenencias ocurridas entre las partes —relativas las mismas, entre otras, a unas alegadas alteraciones de colindancias y la construcción de trincheras en terrenos de los demandantes por parte de los demandados para el enterramiento de desperdicios— la parte demandante peticionaria radicó ante la Sala de Ponce del Tribunal Superior de Puerto Rico una acción sobre sentencia declaratoria, *injunction* y daños y perjuicios. Conjuntamente con la demanda, radicaron los demandantes ante el foro de instancia una moción en la que, conscientes de que conforme las disposiciones pertinentes de nuestro ordenamiento jurídico la Sala con competencia era la de Aibonito, solicitaron que la Sala de Ponce asumiera jurisdicción. Basaron dicha petición en que el codemandado Campoamor Redín desempeñaba el cargo de Juez Superior en la Sala de Aibonito, por lo que no era apropiado que el asunto se ventilara en la misma. La parte demandada solicitó el traslado del caso a la Sala de Aibonito, solicitud que fue declarada con lugar por el tribunal de instancia.

La parte demandante acudió ante este Tribunal, vía *certiorari*, en revisión de dicha determinación imputándole al foro de instancia error al así actuar. Mediante Resolución de fecha 29 de diciembre de 1989, a solicitud de los demandantes, ordenamos la paralización de los procedimientos a nivel de instancia. En el día de hoy, resolvemos el recurso, sin ulterior trámite, al amparo de la Regla 50 de nuestro Reglamento, 4 L.P.R.A. Ap. I-A.

I

La Regla 3.2 de las Reglas de Procedimiento Civil de 1979 dispone:

Los pleitos en relación con el título *o algún derecho o interés en bienes inmuebles* deberán presentarse en la sección o sala correspondiente a aquella en que radique el objeto de la

acción, o parte del mismo, *sin perjuicio de las normas generales de competencia y traslado establecidas en las Reglas 3.1 y 3.5.* (Énfasis suplido.)(1) 32 L.P.R.A. Ap. III.

Es por ello que, desde un punto de vista estrictamente técnico, resulta correcta en derecho la resolución recurrida. La Sala del Tribunal Superior de Puerto Rico con competencia para ver el caso lo es, conforme las disposiciones pertinentes de las Reglas de Procedimiento Civil, la Sala de Aibonito.

■ Ello, sin embargo, no dispone del asunto. Existe una realidad que no podemos ignorar. El codemandado, Hon. Fernando Campoamor Redín, es un Juez Superior asignado, de manera regular, a la Sala de Aibonito del Tribunal Superior. Dilucidar el caso en la referida Sala implica que un compañero juez de éste, el cual comparte día a día y hombro con hombro en la Sala de Aibonito la gran responsabilidad de impartir justicia, tendrá la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Ello, en adición a situar en una angustiosa situación a dos compañeros jueces, puede poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción.(2) A esos fines, la Regla 3.5(b) de las citadas Reglas de Procedimiento Civil le concede facultad a un tribunal para ordenar el traslado de un pleito de una sala a otra "cuando . . . los fines de la justicia así lo requieran". 32 L.P.R.A. Ap. IX. Esta es una de esas situaciones.(3)

---

(1) Véase *Rodríguez v. Registrador,* 75 D.P.R. 712 (1953). Véase, en adición, M.A. Velázquez Rivera, *Jurisdicción y competencia de los tribunales de Puerto Rico,* 48 Rev. Jur. U.P.R. 27, 37 (1979).

(2) Resulta procedente mencionar el hecho de que, mediante Resolución de fecha 29 de diciembre de 1989, el Juez Administrador del Tribunal Superior de Puerto Rico, Sala de Aibonito —Hon. Luis A. Juan— se inhibió de "actuar judicialmente en este caso ya que tiene conocimiento sobre algunos hechos esenciales que motivan el mismo".

(3) *Cf. Longoria v. Tribunal Superior,* 102 D.P.R. 267 (1974).

Los tribunales de justicia tenemos el deber de velar por que la "balanza" en que se pesan los derechos de todos nuestros conciudadanos esté siempre libre de sospechas, aun cuando las mismas sean infundadas. *Cf. Valentín v. Torres,* 80 D.P.R. 463, 482 (1958). Procede en consecuencia, y por excepción, que la acción civil que origina el presente recurso se dilucide en el Tribunal Superior, Sala de Ponce.

Por los fundamentos antes expresados, *se expide el auto y se dictará sentencia revocatoria de la resolución emitida por el Tribunal Superior de Puerto Rico, Sala de Ponce; devolviéndose el caso a dicho foro para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Presidente Señor Pons Núñez se inhibió.