JUAN E. PÉREZ REILLY y OTROS, demandantes y recurridos, *v.* CLUB DEPORTIVO DE PONCE INC. y WENDELL W. COLÓN, demandados y peticionarios.

*Número:* CE-90-233          *Resuelto:* 29 de junio de 1990

*Pedro Ortiz Álvarez,* abogado de los peticionarios; *Julio Eduardo Torres,* abogado de los recurridos.

## SENTENCIA

El 1ro de febrero de 1990 el Sr. Juan E. Pérez Reilly, su esposa la Sra. Awilda I. Torres, la sociedad de gananciales compuesta por ambos y Southern Concession Management, Inc., presentaron en el Tribunal Superior, Sala de Aibonito, demanda para solicitar orden de entredicho provisional e *injunction* preliminar y permanente y daños contra el Club Deportivo de Ponce, Inc. y su presidente el Lcdo. Wendell W. Colón. Solicitaron específicamente que se le ordenara a los demandados que se abstuvieran de: (a) impedir la entrada de la parte demandante y sus empleados a las facilidades del codemandado Club Deportivo de Ponce para operar la concesión para el expendio de comidas, bebidas, refrigerios, golosinas y artículos similares; (b) interferir o en cualquier forma impedir a la parte demandante la ordenada operación de tal concesión, y (c) violar el derecho de exclusividad que se ha concedido a la parte demandante para el expendio de bebidas, comidas, refrigerios, golosinas y artículos similares en las facilidades de la parte demandada. Solicitud de *certiorari,* Anejo IV, pág. 21. Reclamaron además cien mil dólares ($100,000) en daños.

Junto con la demanda, los demandantes presentaron una moción en la cual solicitaron al tribunal que asumiera competencia sobre el caso. En la misma reconocieron que la Sala del Tribunal Superior con competencia, a tenor con la Regla 3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, era la de Ponce. Arguyeron, sin embargo, que al amparo de lo dispuesto en la Regla 3.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III, y lo resuelto en *Sucn. Ortiz Ortiz v. Campoamor Redín,* 125 D.P.R. 106 (1990), procedía que por vía de excepción asumiese competencia sobre el caso. Adujeron como las circunstancias que avalan la excepción las siguientes:

a) Uno de los demandados, el Lic. Wendell W. Colón, es presidente de la Delegación de Abogados de Ponce.

b) El Honorable Gustavo Rodríguez, Juez del Tribunal Superior de Ponce es miembro del co-demandado Club Deportivo de Ponce. Su esposa fue dueña de la concesión que motiva la demanda en el presente caso. Este Honorable Juez es testigo potencial en el caso de autos.

c) El Honorable Pedro G. Goyco es testigo potencial en el presente caso. Preside el Comité de Cantina, etc., del demandado Club Deportivo de Ponce, del que es miembro. Ha sido por muchos años Fiscal de Distrito de Ponce, Presidente de la Delegación de Abogados y distinguido miembro de ese foro.

d) La Honorable Leyda González Degró, junto a su esposo, son miembros del demandado Club Deportivo de Ponce. Esta Honorable Juez es la Administradora de la Región de Ponce.

e) Otros jueces, fiscales y distinguidos abogados de la Región de Ponce son miembros del demandado Club Deportivo de Ponce. Solicitud de *certiorari*, Anejo V, pág. 21.

El 6 de marzo de 1990 el tribunal emitió resolución mediante la cual asumió competencia y expresó lo siguiente:

Del examen de los hechos y del Derecho aplicable resolvemos que el presente caso no debe litigarse en la Sala de Ponce. No sólo es probable que el Magistrado que presida esta vista venga obligado a pasar juicio sobre la credibilidad de un compañero juez que labora día a día con él, sino que también, por las circunstancias peculiares de la parte demandada y otros testigos potenciales conviene a la mejor imagen de la justicia que el caso no se ventile en dicho foro. Solicitud de *certiorari*, Anejo I, pág. 3.

No conforme con esta decisión, la parte demandada recurrió ante nosotros mediante recurso de *certiorari* para plantear dos (2) errores:

A. ¿Pueden variarse las normas usuales de competencia a base de una extrapolación de la doctrina del caso *Sucn. Ortiz [Ortiz] v. Campoamor [Redín]*, más allá de los limitados contornos fácticos que la justifican?

B. ¿Debe aclararse lo resuelto en *Sucn. Ortiz Ortiz v. Campoamor [Redín]*, para impedir que un demandante escoja el foro que ventilaría su caso en un contexto apropiado para alterar las normas de competencia? Solicitud de *certiorari*, pág. 5.

El 29 de marzo de 1990, en auxilio de nuestra jurisdicción, paralizamos la vista de *injunction* preliminar que había sido señalada. Además, ordenamos a la parte demandante mostrar causa por la cual no se debía revocar la resolución del Tribunal Superior, Sala de Aibonito, de 6 de marzo de 1990 y proceder a trasladar el caso a la Sala de Ponce.

La parte demandante recurrida ha comparecido y, por estar en posición de decidir, así procedemos a hacerlo según lo intimado.

Mediante el Art. V, Sec. 2 de nuestra Constitución, L.P.R.A., Tomo 1, se creó un sistema judicial unificado y se facultó a la Asamblea Legislativa, "en cuanto no resulte incompatible con [la] Constitución", a determinar la competencia y organización de los tribunales. Las reglas de competencia establecen la ordenada tramitación de los asuntos judiciales dentro de este sistema unificado. Regla 3 de Procedimiento Civil, *supra*; Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley Núm. 11 de 24 de julio de 1952 (4 L.P.R.A. secs. 61 y 62). Por su naturaleza, estas reglas pueden obviarse mediante el acuerdo de las partes y la anuencia del juez. Regla 3.1 de Procedimiento Civil, *supra*. Cualquier determinación adversa sobre competencia puede ser revisada "únicamente dentro del propio caso y no colateralmente en acción distinta". *Seijo v. Mueblerías Mendoza*, 106 D.P.R. 491, 494 (1977).

Recientemente, en *Sucn. Ortiz Ortiz v. Campoamor Redín*, supra, tuvimos la oportunidad de interpretar la Regla 3.5(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, que crea una excepción a las normas ordinarias de competencia, permitiendo el traslado de un caso "[c]uando la conveniencia de los testigos o los fines de la justicia así lo requieran". En ese caso aplicamos la regla a una situación en que la acción se presentó en una sala sin competencia y ésta decidió, a manera de excepción y en cumplimiento de los postulados esbozados en dicha regla, reclamar competencia sobre la controversia.

La norma que establece la Regla 3.5(b) de Procedimiento Civil, *supra*, y que interpretamos en *Sucn. Ortiz Ortiz v. Campoamor Redín*, supra, es de carácter excepcional y solamente ha de aplicarse cuando las circunstancias lo hagan

imperativo por así requerirlo "los fines de la justicia". En dicho caso se trataba de una demanda en la Sala de Aibonito del Tribunal Superior contra uno de los dos (2) Jueces Superiores regulares que allí laboran. Indiscutiblemente el caso no sólo colocaba "en una angustiosa situación a dos compañeros jueces, [sino que también podía] poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción". *Sucn. Ortiz Ortiz v. Campoamor Redín*, supra, pág. 108.

Hemos analizado las razones expuestas por el tribunal para asumir competencia en el caso de autos y discrepamos de su conclusión de que éstas configuran una situación de una naturaleza tal que amerita el desvío de las normas de competencia establecidas y justifica la aplicación de la excepción prevista por la citada Regla 3.5.

Por todo lo antes expuesto, *se expide el auto de "certiorari" solicitado, se dicta sentencia mediante la cual se revoca la resolución del Tribunal Superior, Sala de Aibonito, de 6 de marzo de 1990, se ordena el traslado del caso al Tribunal Superior, Sala de Ponce, y se devuelve el mismo para que continúen los procedimientos de forma compatible con esta sentencia.*

Así lo pronunció y manda el Tribunal y certifica el señor Secretario General Interino. El Juez Asociado Señor Rebollo López emitió opinión disidente.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario General Interino*

—O—

Opinión disidente emitida por el Juez Asociado Señor Rebollo López.

I

La fe de la ciudadanía en el sistema de justicia que impera en su país resulta ser imprescindible para el bienestar general del mismo. Esa fe se preserva únicamente en la medida en que los ciudadanos confíen en la integridad, honestidad e imparcialidad

de quienes tienen la noble encomienda de impartir justicia. Cuando un pueblo pierde la fe en la calidad de la justicia que se dispensa en su jurisdicción, se corre el inmenso riesgo de que sus ciudadanos tomen la justicia en sus propias manos. La lamentable consecuencia de ello lo es la anarquía.

La *imparcialidad y objetividad* con que actúen, en los casos ante su consideración, los funcionarios públicos encargados de la delicada función de impartir justicia son ingredientes indispensables de esa fe; *características que no solamente tienen que ser reales sino aparentes*. Parafraseando la histórica y célebre frase de César:(1) no basta con que el juez sea imparcial y objetivo; *es preciso que lo parezca*.

Esa "norma de apariencia de parcialidad" está plasmada en los Cánones XI y XII(g) de Ética Judicial, 4 L.P.R.A. Ap. IV-A, al establecer, el primero de éstos, que el "[j]uez no solamente ha de ser imparcial, sino que su conducta *ha de excluir toda posible apariencia* de que es susceptible de actuar a base de influencias . . .", y el segundo de ellos al decretar que el juez "no debe entender en procedimiento judicial alguno en que la ley le prohíba actuar," y por "cualquier otra causa *que pueda razonablemente arrojar dudas* sobre su imparcialidad para adjudicar o *que tienda a minar la confianza pública* en el sistema de justicia". (Énfasis suplido.)

A esos efectos hemos indicado que para que proceda la inhibición de un juez "no es imprescindible probar la existencia de prejuicio o parcialidad de hecho; *basta con la apariencia de parcialidad o prejuicio. . .*". (Énfasis suplido.) *Pueblo v. Martés Olán*, 103 D.P.R. 351, 355 (1975). Es debido a ello que el "buen juez . . . evita toda conducta *que mine la confianza pública en la neutralidad del Poder Judicial*". (Énfasis suplido.) *P.S.P., P.P.D., P.I.P. v. Romero Barceló*, 110 D.P.R. 248, 311 (1980).

Lo anteriormente expuesto fue la "razón de decidir" en *Sucn. Ortiz Ortiz v. Campoamor Redín*, 125 D.P.R. 106 (1990). En dicho

---

(1) "La mujer del César no basta que sea casta sino que es preciso que lo parezca." *Enciclopedia Universal Ilustrada Europea-Americana*, Madrid, Ed. Espasa-Calpe, T. XII, pág. 1449.

caso resolvimos que, por excepción, el mismo no debía ser ventilado en la Sala del Tribunal Superior con competencia para ello por razón de que una de las partes en el caso lo era un miembro de la Judicatura que desempeñaba sus deberes en dicha Sala. Al así resolver, expresamos entonces:

> Dilucidar el caso en la referida Sala implica que un compañero juez de éste, el cual comparte día a día y hombro con hombro en la Sala de Aibonito la gran responsabilidad de impartir justicia, tendrá la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Ello, en adición a situar en una angustiosa situación a dos compañeros jueces, *puede poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción.* . . .
>
> *Los tribunales de justicia tenemos el deber de velar por que la "balanza" en que se pesan los derechos de todos nuestros conciudadanos esté siempre libre de sospechas, aun cuando las mismas sean infundadas.* (Énfasis suplido.) *Sucn. Ortiz Ortiz v. Campoamor Redín*, supra, págs. 108–109.

En el caso *hoy* ante nuestra consideración, aun cuando el miembro de la Judicatura —Hon. Gustavo Rodríguez— no es parte en el mismo, *dicho magistrado es testigo en el caso.* Ello, naturalmente, significa que el juez que presida los procedimientos en el caso de autos igualmente tendrá que pasar juicio sobre la credibilidad que pueda merecer el testimonio que preste en el mismo el Juez Rodríguez.

Independientemente de la capacidad del magistrado del Distrito Judicial de Ponce, ante quien se ventilen los procedimientos, para poder sustraerse del hecho de que ese testigo es un compañero juez con quien labora día a día y de su capacidad para poder ser completamente neutral en el caso, (2) no hay duda que la parte contraria siempre tendrá la interrogante sobre cuán objetiva e imparcial ha sido la actuación de dicho magistrado. Real-

---

(2) A nuestra manera de ver las cosas, no se requiere que una persona posea mucha agilidad mental para que pueda percatarse de lo difícil que resulta para un juez decretar que un compañero juez "no dice la verdad". *La situación, naturalmente, se complica y se hace sumamente más difícil cuando el "Juez-testigo" es uno con quien se comparte día a día en el mismo distrito judicial.*

mente no existe razón legal válida alguna para que se ponga en entredicho no sólo la reputación de ese magistrado sino que, en adición, la buena imagen de la justicia en nuestra jurisdicción.

La situación se resolvería simplemente estableciendo una norma clara a los efectos de que los casos en que un juez sea parte, o, aun cuando no lo sea, donde el juez es testigo, no deben ser dilucidados en el distrito judicial en el que ese juez ejerce su ministerio.

## II

Lo verdaderamente lamentable de toda esta situación lo es el hecho de que la misma nunca debió ocurrir. Ello por razón de que el Hon. Juez Gustavo Rodríguez no debería estar desempeñándose como tal en el Distrito Judicial de Ponce.

Conforme establecen las disposiciones de la Sec. 8 del Art. V de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, y de la Sec. 3 de la Ley de la Judicatura, 4 L.P.R.A. sec. 301, el poder y la facultad de asignar los jueces de instancia a las distintas regiones o distritos judiciales recae en la sana discreción del Juez Presidente de este Tribunal, responsabilidad en que le asiste el Director Administrativo de los Tribunales. Esa discreción, naturalmente, debe ser ejercitada en forma juiciosa por los referidos funcionarios.

Conforme los principios expuestos en la Parte I de la presente ponencia, relativos los mismos a la norma sobre "apariencia de parcialidad", ¿resulta aconsejable y conveniente a una sana administración de la justicia que el Juez Rodríguez ejerza como tal en el Distrito Judicial de Ponce? Contestamos en la negativa.

El Juez Rodríguez es un ciudadano que nació y "se crió" en Ponce. En adición a ello, tenemos que el referido magistrado, antes de ser designado como tal, practicó su profesión de abogado en la mencionada ciudad por más de veinticinco (25) años. Somos del criterio que lo normal y aconsejable es que los jueces, de ordinario, no desempeñen su cargo en jurisdicciones donde tienen tales ataduras. De así suceder, dichos magistrados necesaria-

mente vendrán en contacto —a diario— con situaciones, personas e instituciones con las cuales dichos magistrados han tenido estrecha relación en el pasado. Ello no le hace ningún bien ni a los jueces ni a nuestro sistema de justicia. Siempre estará en duda la calidad de la justicia que dichos magistrados dispensen.(3)

¿Como es posible que este Tribunal pueda exigirle a los jueces de instancia que le den estricto cumplimiento a los antes citados Cánones XI y XII de Ética Judicial cuando los funcionarios a cargo de su asignación los sitúan en jurisdicciones en que por necesidad entran en conflicto con las disposiciones de dichos cánones? Los funcionarios concernidos deben tomar las medidas necesarias para evitar que esta práctica administrativa, salvo en situaciones extraordinarias, cese de inmediato. Si así lo hacen, le harían un gran servicio a la justicia de nuestro País.

### III

En resumen, somos del criterio que el Tribunal, mediante la sentencia mayoritaria que emite en el día de hoy en el presente caso, *innecesariamente* pone en entredicho la calidad de la justicia que se dispensa en nuestra jurisdicción al resolver que procede que el mismo se dilucide en la Sala de Ponce del Tribunal Superior de Puerto Rico.

---

(3) Se podría argumentar, naturalmente, que el juez siempre puede inhibirse en las situaciones antes mencionadas. Ello, sin embargo, no constituye solución alguna para el problema planteado por cuanto las situaciones en que éste tendría que así hacerlo serían numerosas. Dicha situación no sólo desembocaría en una carga indebida de trabajo para los demás jueces sino que constituiría una alteración (*disruption*) de los procedimientos judiciales en dicho distrito.