# 99 DTA 200

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE BAYAMON**
**PANEL I**

CARMEN MILAGROS CORREA RODRIGUEZ, POR SI Y COMO PARTE Y
PARA BENEFICIO DE LA SUCESION DE JALIL ALBERTO GALINDO CORREA,
COMPUESTA POR ELLA Y POR ABEL A. GALINDO LUNA
Parte Demandante-Peticionaria

v.

LA SUCESION DE JOSE MARTINEZ FLORES COMPUESTA POR GLORIA FLORES BERMUDEZ Y
JOHN DOE Y RICHARD ROE, PERSONAS DESCONOCIDAS QUE PUEDEN Y QUE CONSTITUYEN
EL RESTO DE LOS COMPONENTES DE LA SUCESION DE JOSE MARTINEZ FLORES;
GLORIA FLORES BERMUDEZ, POR SI
Parte Demandada-Recurrida

B. FERNANDEZ & HNOS., INC.
Parte Demandante-Recurrida

v.

SAN JUAN BEVERAGES, INC.
Parte Demandada-Peticionaria

Núm. KLCE-99-00574

San Juan, Puerto Rico, a 8 de junio de 1999

Panel integrado por su Presidente, Juez Sánchez Martínez,
la Jueza Cotto Vives y la Jueza Ramos Buonomo

*Per Curiam*

## TEXTO COMPLETO DE LA SENTENCIA

Mediante sentencia de 27 de abril de 1999 revocamos dos resoluciones del Tribunal de Primera Instancia, Sala Superior de Bayamón, que habían denegado perentoriamente y sin vista dos mociones para la recusación del Hon. Julio Berríos Jiménez, J. (casos consolidados Núm. KLCE-99-00191 y Núm. KLCE-99-00256). Ambas mociones habían sido presentadas por el Lcdo. Antonio J. Amadeo Murga a nombre de sus clientes en los casos D DP1998-0456 (404), *Carmen Milagros Correa Rodríguez v. Sucn. de José Martínez Flores*, CD-1998-1206 (404), *B. Fernández & Hnos., Inc. v. San Juan Beverages, Inc.* En las referidas mociones el Lcdo. Amadeo Murga aducía que el Juez Berríos Jiménez tiene prejuicio personal en su contra y le atribuyen al Juez Berríos Jiménez haber proferido contra el Lcdo. Amadeo Murga ciertos comentarios *ad hominem* en un restaurant de Bayamón.

En nuestra sentencia resolvimos que en las circunstancias del caso era necesario que se celebrara una vista evidenciaria *"para que el Lcdo. Amadeo Murga tenga la oportunidad de sustanciar con prueba los hechos aducidos en sus mociones de recusación en cuestión"*. Por tal razón, ordenamos que el foro recurrido celebrara la referida vista.

A tales fines, el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante llamada telefónica de parte de la Hon. Concepción del Pilar Igartúa Pontón, jueza que tiene ante sí la adjudicación de las mociones de recusación, le requirió al Lcdo. Amadeo Murga que escogiera una fecha para el señalamiento de la vista y sometiera, además, los correspondientes proyectos de citación de cuatro testigos, a saber, Juan Tomás Peñagarícano, Blanca Peñagarícano, Julio Muñiz Burgos y Rosita Giusti de Muñiz.

El Lcdo. Amadeo Murga presentó entonces una moción de traslado. En ésta indicó que como el Juez Berríos

Jiménez habría de ser testigo en la vista de recusación, la misma debía ser trasladada a otra región judicial conforme a la norma enunciada en *Sucn. Ortiz Ortiz v. Campoamor Redín*, 125 D.P.R. 106 (1990). Simultáneamente, mediante moción en cumplimiento de orden y sin renunciar a su solicitud de traslado, el Lcdo. Amadeo Murga seleccionó la fecha del 8 de junio de 1999 (hoy) a la 1:30 de la tarde para la celebración de la vista de recusación y presentó el proyecto de citación para los cuatro testigos ya mencionados, así como para que se citara al propio Juez Berríos Jiménez y a dos empleadas de la secretaría del Tribunal, las señoras María Padilla e I. Colón.

El 4 de junio de 1999, el tribunal recurrido emitió dos resoluciones. La primera denegó de plano y sin fundamentos la moción de traslado. La segunda ordenó la expedición de las citaciones de los testigos Juan Tomás Peñagarícano, Blanca Peñagarícano, Julio Muñiz Burgos y Rosita Giusti de Muñiz. En cuanto a la citación del Juez Berríos Jiménez y las dos empleadas del Tribunal, la resolución recurrida dispuso que *"tiene que seguirse el procedimiento de la Administración de Tribunales por conducto del Hon. Juez Administrador"*. De la primera resolución, la que denegó el traslado de la vista, es que se recurre ante nos. Procedemos a resolver el recurso sumariamente y sin más trámite. Regla 53.11 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.11, y la Regla 7(B)(5) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, R. 7(B)(5) (Supl. 1998). ■

La norma enunciada en *Sucn. Ortiz Ortiz v. Campoamor Redín* es que si un juez o jueza es parte litigante en un pleito y, por ende, personalmente afectada por su resultado, el pleito debe ser trasladado a otro tribunal. El razonamiento para esta norma es impecable:

*"Existe una realidad que no podemos ignorar. El codemandado, Hon. Fernando Campoamor Redín, es un Juez Superior asignado, de manera regular, a la Sala de Aibonito del Tribunal Superior. Dilucidar el caso en la referida Sala implica que un compañero Juez de éste, el cual comparte día a día y hombro con hombro en la Sala de Aibonito la gran responsabilidad de impartir justicia, tendrá la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Ello, en adición a situar en una angustiosa situación a dos compañeros jueces, puede poner en entredicho y causar un gran daño a la imagen de la justicia en nuestra jurisdicción. A esos fines, la Regla 3.5(b) de las citadas Reglas de Procedimiento Civil le concede facultad a un tribunal para ordenar el traslado de un pleito de una sala a otra "cuando... los fines de la justicia así lo requieran". 32 L.P.R.A. Ap. IX. Esta es una de esas situaciones.*

*Los tribunales de justicia tenemos el deber de velar porque la "balanza" en que se pesan los derechos de todos nuestros conciudadanos esté siempre libre de sospechas, aun cuando las mismas sean infundadas. Cf., Valentín v. Torres, 80 D.P.R. 463, 482 (1958). Procede en consecuencia, y por excepción, que la acción civil que origina el presente recurso se dilucide en el Tribunal Superior, Sala de Ponce."*

*Id.*, a las págs. 108-109.

Aunque el caso de autos no es sobre la participación de un juez como parte formal en un pleito (bien como demandante o como demandado), la solución de la controversia planteada por este recurso se rige, por analogía, por la norma enunciada en *Campoamor Redín*. En el caso de autos, al igual que en *Campoamor Redín*, una compañera jueza del Juez Berríos Jiménez, que comparte día a día y hombro con hombro en la Sala de Bayamón la gran responsabilidad de impartir justicia, tendría la difícil encomienda de pasar juicio sobre la credibilidad de un compañero de labores. Nótese que, a diferencia del caso usual de la recusación de un juez que de ordinario no requiere la presentación de dicho juez como testigo, en el caso de autos el Juez Berríos Jiménez ha sido anunciado como testigo para que declare sobre conducta personal, o sea, hechos o dichos suyos acerca del Lcdo. Amadeo Murga de los cuales pueda inferirse el alegado prejuicio personal del Juez hacia dicho abogado.

Así, pues, al juez que le toque presidir la vista de recusación le corresponderá juzgar el comportamiento del Juez Berríos Jiménez en la silla testifical (su demeanor), justipreciar prueba de motivos, ponderar el contexto en que se hicieron las expresiones que se le atribuyen y derivar o inferir significados de dicha prueba. Como el Tribunal de Primera Instancia deberá evaluar, a la luz del testimonio de otros seis testigos anunciados para la vista, si existe animosidad y prejuicio personal de parte del Juez Berríos Jiménez hacia el Lcdo. Amadeo Murga, eso significará que la credibilidad del Juez Berríos Jiménez como testigo será parte principalísima en la resolución de las mociones de recusación.

A esto debemos añadir que de los otros seis testigos anunciados, dos son empleadas de ese mismo Centro Judicial donde ejerce sus funciones judiciales el Juez Berríos Jiménez y que son, por lo mismo, compañeras de labores de la Jueza Igartúa Pontón. De manera que, de permanecer la vista de las referidas mociones ante la Sala Superior de Bayamón, la Jueza Igartúa Pontón tendría que adjudicar la credibilidad no sólo del Juez Berríos Jiménez sino la de esas dos empleadas del tribunal. De otro lado, la conducta que el Lcdo. Amadeo Murga le imputa al Juez Berríos Jiménez es muy delicada y no debe estar a merced de la natural suspicacia que generaría el hecho de que una compañera de labores diarias del Juez Berríos Jiménez sea la que decida la cuestión. No es que opinemos que la Jueza Igartúa Pontón no pueda adjudicar rectamente las mociones, es que se trata de una norma que procura velar incluso por la apariencia de imparcialidad en los procesos judiciales.

Para concluir, resolvemos que, como regla general, la moción de recusación de un juez o jueza debe ser vista por otro juez del tribunal en que esté el pleito pendiente, aunque sea el mismo tribunal donde labore el Juez recusado. No obstante, por vía de excepción, la moción de recusación debe trasladarse a otro centro judicial si de la moción bajo juramento se desprende que la causa del prejuicio personal que se le atribuye al juez recusado, está predicada en actos personales afirmativos de dicho juez fuera del estrado (hechos o dichos) que requiera dirimir la credibilidad de éste como testigo. En el caso de autos estamos ante la norma de excepción, justificada además por el hecho de que dos empleadas del Centro Judicial de Bayamón, donde está pendiente el caso, habrán de declarar como testigos.

Con estos antecedentes, se expide el auto solicitado, se ordena el traslado de los casos DDP-1998-0456 (404) y DCD-1998-1206 (404) a la Sala Superior de San Juan a los únicos efectos de que se adjudiquen en dicha Sala las mociones de recusación en controversia. Una vez sean adjudicadas las mociones, la Sala de San Juan devolverá los expedientes a la Sala de Bayamón para la continuación de los procedimientos no relacionados con las mociones de recusación. ■

Notifíquese por facsímil (o en su defecto por teléfono) y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Señora Secretaria General.

Aida Ileana Oquendo Graulau<br>Secretaria General

## ESCOLIOS 99 DTA 200

**1.** Estas reglas se refieren a *"la facultad del Tribunal Supremo y del Tribunal de Circuito de Apelaciones para prescindir de términos, escritos o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho"*. *Id.*

**2.** El Juez Administrador de San Juan velará porque se expidan oportunamente las citaciones del Juez Berríos Jiménez y de las señoras María Padilla e I. Colón, empleadas de la secretaría de la Sala de Bayamón, utilizando para ello el formulario oficial OAT-716 titulado *"Citación a funcionarios del Tribunal General de Justicia"*, citaciones que deberán ser