ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JEANNETTE MARIE BÁEZ VALLECILLO Y OTROS<br><br>Recurridos<br><br><br>v.<br><br><br>LYBIA GRISSELLE VIENTÓS PACHECO Y OTRAS<br><br>Peticionarias | KLCE202500350 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2023CV10261<br><br>Sobre: Acceso a Documentos para la Preparación de Inventario de Caudal Relicto y Participación en Procedimiento de Avalúo |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 16 de mayo de 2025.

Comparece la parte demandada y peticionaria, Sra. Lybia Grisselle Vientós Pacheco (señora Vientós Pacheco o Peticionaria), heredera por viudez y ejecutora de la sucesión del causante Luis Báez Díaz. Solicita nuestra intervención para revocar la *Resolución* emitida el 5 de marzo de 2025, notificada el día 7 siguiente, por la Hon. Karem Álvarez Echeandía (Jueza Álvarez Echeandía) del Tribunal de Primera Instancia, Sala de San Juan. En el referido dictamen, se declaró No Ha Lugar la *Moción sobre recusación* solicitada por la Peticionaria, al no encontrar fundamentos a sus alegaciones de prejuicio, parcialidad ni la vulneración de su debido proceso de ley por parte del Hon. Orlando Durán Medero (Juez Durán Medero o Jurista).

**I.**

El caso del título se inició el 31 de octubre de 2023, ocasión en que la parte demandante y recurrida, conformada por Jeannette Marie Báez Vallecillo, Suzette Báez Vallecillo y Luis Báez Vallecillo

Número Identificador

RES2025_____

(hermanos Báez Vallecillo o Recurridos), presentó una *Demanda* en contra de la señora Vientós Pacheco y sus hijas, Luisa Báez Vientós y María Báez Vientós (hermanas Báez Vientós).[1] En esencia, los hermanos Báez Vallecillo solicitaron el acceso a unos documentos, con el propósito de preparar el inventario, avalúo y partición del caudal relicto del causante, quien falleció testado el 13 de febrero de 2023.[2]

El 28 de febrero de 2024, las hermanas Báez Vientós incoaron *Contestación a Demanda*.[3] Por su parte, la señora Vientós Pacheco, en calidad de ejecutora, comunera y coheredera, presentó varias alegaciones responsivas; a saber: *Contestación a Demanda* el 1 de marzo de 2024 y *Contestación a Demanda Enmendada* el 10 de mayo de 2024 y el 5 de agosto de 2024.[4] A su vez, el foro primario permitió la *Reconvención* de las hermanas Báez Vientós, con el fin de solicitar la liquidación de la comunidad de bienes postgananciales y la partición de la herencia.[5] Ante esta solicitud, la señora Vientós Pacheco no mostró reparo.[6] Si bien los hermanos Báez Vallecillo estuvieron de acuerdo también, insistieron en que tenían serias y fundadas objeciones al inventario preparado por la señora Vientós Pacheco.[7]

Iniciado el descubrimiento de prueba y luego de un sinnúmero de incidentes procesales, en lo que nos atañe, el 1 de octubre de 2024, la parte demandada solicitó la suspensión de los procedimientos hasta la rendición del cuaderno particional, conforme la jurisprudencia pautada en *Tous Rodríguez v. Sucn. Tous Oliver et al.*,

---

[1] Apéndice, págs. 1-14.
[2] Véase, Apéndice, págs. 322-328. Mediante la escritura 99 de 4 de junio de 2021, el testador dispuso que la legítima correspondería en partes iguales a su esposa y a sus cinco hijos. En cuanto a la totalidad de la libre disposición, se designó a la Peticionaria como su heredera. Además, el testador también la nombró como ejecutora universal del caudal.
[3] Apéndice, págs. 80-81.
[4] Apéndice, págs. 87-102; 153-166; 269-282.
[5] Apéndice, págs. 178-180; 181-185; 186; 187-189; 192.
[6] Apéndice, págs. 190-191.
[7] Apéndice, págs. 193-195.

212 DPR 686 (2023), toda vez que la señora Vientós Pacheco designó a un contador partidor.[8] El tribunal *a quo* convocó a los hermanos Báez Vallecillo para que presentaran su postura.[9] Éstos se opusieron a la suspensión, distinguieron los hechos de la precitada opinión y cuestionaron la imparcialidad del designado, el CPA Edgardo Areizaga Soto.[10] Apuntaron sobre los presuntos escollos que había interpuesto la señora Vientós Pacheco al proceso de descubrimiento de prueba. A petición de parte y una vez concedida la solicitud de réplica,[11] la parte demandada instó su escrito judicial, en el que presentó argumentos para refutar las alegaciones de la parte demandante.[12] La cuestión quedó sometida y pendiente para su adjudicación, a partir del 18 de noviembre de 2024.[13]

Entonces, los hermanos Báez Vallecillo instaron una moción para que se descubriera una serie de requerimientos que aún faltaba y a la que el foro de primera instancia le dio el debido trámite.[14] Luego, la parte demandante solicitó extender el periodo de descubrimiento de prueba.[15] Sin haber resuelto la controversia sobre la suspensión ni inquirir la postura de la parte demandada en cuanto a la extensión del descubrimiento de prueba, el tribunal primario accedió a la solicitud de los hermanos Báez Vallecillo y extendió el procedimiento hasta el 15 de enero de 2025.[16] Entonces, la señora Vientós Pacheco refutó al tribunal la extensión del proceso de descubrimiento, cuando todavía no se había dado resolución a la petición de suspensión de fecha anterior.[17]

---

[8] Apéndice, págs. 284-317.
[9] Apéndice, págs. 329.
[10] Apéndice, págs. 334-352.
[11] Apéndice, págs. 353-354; 355.
[12] Apéndice, págs. 356-423.
[13] Apéndice, pág. 424.
[14] Apéndice, págs. 425-465; 469.
[15] Apéndice, págs. 466-467.
[16] Apéndice, pág. 468.
[17] Apéndice, págs. 470-488.

En respuesta, el 27 de diciembre de 2024, el Juez Durán Medero dictó sendas *Resoluciones Interlocutorias*.[18] En la primera [119], sostuvo su determinación de la extensión al descubrimiento de prueba concedida; y en la segunda [120], denegó la paralización de los procedimientos.

El primer pronunciamiento fue objeto de un auto de *certiorari* ante esta curia (KLCE202500074) presentado el 27 de enero de 2025. El 24 de febrero de 2025 denegamos expedir el recurso discrecional; y el 20 de marzo de 2025, declaramos No Ha Lugar el escrito de reconsideración presentado.[19]

Con relación a la segunda determinación, la señora Vientós Pacheco solicitó una reconsideración.[20] El Juez Durán Medero difirió la cuestión para discutirla en una vista señalada para el 22 de enero de 2025.[21] El cónclave no se celebró, ya que el 16 de enero de 2025, la señora Vientós Pacheco instó la *Moción sobre recusación* que nos ocupa.[22]

En su petición de recusación, esencialmente a base del tracto procesal que hemos resumido, adujo presuntas desviaciones del debido proceso de ley y la parcialidad del Juez Durán Medero a favor de los hermanos Báez Vallecillo. En particular, la señora Vientós Pacheco planteó que, durante 82 días, el Jurista omitió resolver un asunto interlocutorio instado por ésta; mientras adjudicó con celeridad otras solicitudes incoadas por los hermanos Báez Vallecillo. Además, la señora Vientós Pacheco ripostó que no se le concedía la totalidad de los términos reglamentarios para presentar su postura; así como que una petición de reconsideración interpuesta se resolvió en un lapso de 24 horas. Coligió que estas actuaciones demostraban un patrón de beneficio y un trato preferencial hacia la parte

---

[18] Apéndice, págs. 492 y 493.
[19] Apéndice, págs. 536-545; 555-557.
[20] Apéndice, págs. 500-502.
[21] Apéndice, pág. 515.
[22] Apéndice, págs. 516-526.

demandante y la despojaban de la oportunidad de participar en condiciones de igualdad y conforme al debido proceso de ley. Expresó:

> Reiteramos que la emisión de órdenes prematuras, la truncación [*sic*] de términos procesales y las decisiones que favorecen a una parte sin otorgar a la otra la oportunidad de expresarse configuran una serie de irregularidades que no sólo vulneran los principios básicos del debido proceso, sino que también generan serias dudas sobre la integridad del procedimiento judicial, sobre todo cuando ni tan siquiera se reconsidera en torno al derecho de la parte compareciente de expresarse dentro de los términos reglamentarios.

El 17 de enero de 2025, mediante una *Orden de referido…*,[23] el Juez Durán Medero rechazó las alegaciones y subrayó sus determinaciones previas. Afirmó que no surgía ninguna de las causas contempladas en las normas procesales atinentes que justificaran su inhibición. Al contrario, promovió su disposición para continuar justipreciando el pleito, una vez se resolviera la solicitud incoada. Por ende, refirió la controversia de la recusación y dejó sin efecto la audiencia señalada. El asunto se asignó a la Jueza Álvarez Echeandía.[24]

El 7 de marzo de 2025, la Jueza Álvarez Echeandía notificó la *Resolución* recurrida. Sintetizó los hechos procesales relevantes y citó el derecho aplicable. Concluyó que el mero hecho que el Juez Durán Medero haya resuelto algunos incidentes en contra de la parte demandada era insuficiente para sostener las alegaciones planteadas. Enfatizó que no se plasmaron hechos específicos sobre cuestiones personales que indicaran la parcialidad imputada. Añadió que las contenciones en torno a las decisiones adoptadas eran más propias de tratarse en recursos apelativos y no en la recusación del juzgador. De hecho, el dictamen recurrido hizo referencia a nuestra *Resolución* del caso KLCE202500074, en aquella parte en que aludimos a la ausencia de una demostración de prejuicio, parcialidad, abuso de

---

[23] Apéndice, pág. 527.
[24] Apéndice, pág. 528.

discreción o error craso y manifiesto por parte del Juez Durán Medero. Por tanto, la Jueza Álvarez Echeandía declaró No Ha Lugar la *Moción sobre recusación*.

Insatisfecha todavía, la señora Vientós Pacheco presentó oportunamente este recurso de *certiorari* y señaló los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECUSACIÓN PRESENTADA POR LA PARTE DEMANDADA-PETICIONARIA, SIN PONDERAR Y TOMAR EN CONSIDERACIÓN LA CONDUCTA REITERADA DEL HON. JUEZ ORLANDO DURÁN MEDERO QUE DEMUESTRA SU IMPARCIALIDAD [*sic*] Y PERJUCIO [*sic*] CONTRA LA AQUÍ COMPARECIENTE.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECUSACIÓN PRESENTADA POR LA PARTE DEMANDADA-PETICIONARIA, UTILIZANDO ERRÓNEAMENTE COMO FUNDAMENTO PRINCIPAL LA RESOLUCIÓN EMITIDA POR EL FORO APELATIVO, QUE DETERMINÓ NO EXPEDIR EL AUTO CERTIORARI, EN LUGAR DE PASAR JUICIO SOBRE LOS HECHOS CLAROS Y PUNTUALES QUE REALIZÓ EL HON. JUEZ ORLANDO DURÁN MEDERO QUE DEMUESTRAN LAS RAZONES POR LAS QUE PROCEDE SU INHIBICIÓN Y/O RECUSACIÓN.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECUSACIÓN, HABIENDO ESBOZADO LA NORMA LEGAL CORRECTA, PERO NO APLICÁNDOLA A LOS HECHOS DEL CASO.
>
> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE SAN JUAN, AL DECLARAR NO HA LUGAR LA SOLICITUD DE RECUSACIÓN AL LIMITAR SU DETERMINACIÓN A UN EJERCICIO SIMILAR A UNA MOCIÓN DE RECONSIDERACIÓN O RECURSO APELTIVO Y NO A UN PROCEDIMIENTO RECUSATORIO.

El 21 de abril de 2025, los hermanos Báez Vallecillo presentaron una *Oposición a petición de certiorari*. En ésta, esbozaron la inaplicabilidad de los criterios reglamentarios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *infra*, que guían nuestra

discreción. Aun cuando no discutieron los previos señalamientos en sus méritos, solicitaron la denegación del auto.

## II.

## A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional. *García v. Padró, supra*. Ahora, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra*, pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad". *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita taxativamente las instancias en las cuales este foro intermedio tiene autoridad para atender un recurso de *certiorari* civil interlocutorio. Entre otras instancias, por excepción, estamos autorizados a expedir el auto de *certiorari* cuando esperar a la apelación constituiría un fracaso irremediable de la justicia. Además de este examen objetivo, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del

Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*, 4 LPRA Ap. XXII-B.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.

**B.**

La inhibición y recusación de jueces está regulada por los Cánones de Ética Judicial, 4 LPRA Ap. IV-B, y las Reglas 63.1 y 63.2 de Procedimiento Civil, 32 LPRA Ap. V. En específico, la Regla 63.1 de Procedimiento Civil, *supra*, establece varios escenarios o causas en los que los jueces se ven obligados a inhibirse *motu proprio* o a petición de parte, a saber:

(a) Por tener prejuicio o parcialidad hacia cualquiera de las personas o los abogados o abogadas que intervengan en el pleito, o por haber prejuzgado el caso;

(b) por tener interés personal o económico en el resultado del caso;

(c) por existir un parentesco de consanguinidad o afinidad dentro del cuarto grado con el (la) fiscal, procurador(a) de asuntos de familia, defensor(a) judicial, procurador(a) de menores o cualquiera de las partes o sus representantes legales en un procedimiento civil;

(d) por existir una relación de amistad de tal naturaleza entre el juez o jueza y cualquiera de las partes, sus abogados o abogadas, testigos u otra persona involucrada en el pleito que pueda frustrar los fines de la justicia;

(e) por haber sido abogado (a) o asesor(a) de cualquiera de las partes o de sus abogados(as) en la materia en controversia, o fiscal en una investigación o procedimiento criminal en el que los hechos fueron los mismos presentes en el caso ante su consideración;

(f) por haber presidido el juicio del mismo caso en un tribunal inferior o por haber actuado como magistrado (a) a los fines de expedir una orden de arresto o citación para determinar causa probable en la vista preliminar de un procedimiento criminal;

(g) por intervenir en el procedimiento una persona natural o jurídica que le haya facilitado o gestionado algún préstamo en el que no se hayan dispensado las garantías o condiciones usuales;

(h) cuando en calidad de funcionario (a) que desempeña un empleo público, haya participado como abogado (a), asesor(a), o testigo esencial del caso en controversia;

(i) cuando uno de los abogados(as) de las partes sea abogado (a) de los jueces o juezas que han de resolver la controversia ante su consideración o lo haya sido durante los últimos tres años, o

(j) por cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia.

Por su parte, la Regla 63.2 de Procedimiento Civil, *supra,* dispone sobre el perfeccionamiento de la solicitud de inhibición o recusación y el procedimiento correspondiente.

(a) Toda solicitud de recusación será jurada y se presentará ante el juez o jueza recusado(a) dentro de veinte (20) días desde que la parte solicitante conozca de la causa de la recusación. La solicitud incluirá los hechos específicos en los cuales se fundamenta y la prueba documental y declaraciones juradas en apoyo a la solicitud. Cuando la parte promovente de la recusación

no cumpla con las formalidades antes señaladas, el juez o jueza podrá continuar con los procedimientos del caso.

(b) Una vez presentada la solicitud de recusación, si el juez o jueza recusado(a) concluye que procede su inhibición, hará constar mediante resolución escrita los incisos (a) a (i) de la Regla 63.1 de este apéndice aplicable, en su defecto, la razón específica para su inhibición bajo el inciso (j) y la notificará a todas las partes. El caso será asignado a otro juez o jueza.

(c) Si el juez o la jueza concluye que no procede su inhibición, se abstendrá de continuar actuando en su capacidad de juez o jueza en el caso y remitirá los autos de éste al juez administrador o jueza administradora para la designación de un juez o jueza que resuelva la solicitud de recusación. La recusación se resolverá dentro del término de treinta (30) días de quedar sometida.

(d) Una vez un juez o jueza haya comenzado a intervenir en un caso, no podrán unirse al caso los abogados o abogadas cuya intervención pueda producir su recusación.

Conforme con lo anterior, la inhibición de un juez puede producirse bajo dos escenarios: a iniciativa del juzgador o por solicitud de recusación de una parte. Si la inhibición surge *motu proprio*, el juez se abstiene de intervenir y emite una resolución escrita y fundamentada. Si se trata de que una parte solicita la recusación del juez y éste coincide con la procedencia de la inhibición, entonces, lo hace constar a través de una resolución en la cual especifica el fundamento contemplado en la norma procesal que motiva su abstención. *Mun. De Carolina v. CH Properties*, 200 DPR 701, 710 (2018).

Empero, si se alude a la cláusula residual consignada en la Regla 63.1(j) de Procedimiento Civil, *supra*, que alude a "cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia", el juez deberá detallar las circunstancias específicas que sostienen la inhibición. *Mun. De Carolina v. CH Properties, supra*, págs. 710-711, que cita a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 324. El referido

inciso de naturaleza remedial permite ampliar las causas de inhibición y recusación, por lo que su interpretación es liberal. *Id.*, pág. 711, que cita a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. V, pág. 1851.

Por último, como en este caso, ante la instancia de una parte que solicita la recusación del juez y éste rehúsa inhibirse, el asunto debe referirse al Juez Administrador para que asigne a otro juez, quien tiene la encomienda de determinar si procede o no la recusación. *Mun. De Carolina v. CH Properties*, *supra*. La determinación debe ser por escrito, fundamentada y emitirse en un plazo de 30 días. *Id.*; 32 LPRA Ap. V, R. 63.2(c).

La Regla 63.1(j) de Procedimiento Civil, *supra*, constituye una causa de inhibición fundamentada en la apariencia de parcialidad, que armoniza con los Cánones 8 y 20(i) de Ética Judicial, 4 LPRA Ap. IV-B. *Mun. De Carolina v. CH Properties*, *supra*, pág. 711. En lo pertinente, el Canon 8 de Ética Judicial, *supra*, establece que "[l]a conducta de las juezas y de los jueces ha de excluir la posible apariencia de que son susceptibles de actuar por influencias". Asimismo, el Canon 20(i) de Ética Judicial, *supra*, establece que los jueces deberán inhibirse "[p]or cualquier otra causa que pueda razonablemente arrojar dudas sobre su imparcialidad para adjudicar o que tienda a minar la confianza pública en el sistema de justicia".

Ahora bien, nuestro Tribunal Supremo ha precisado que el significado de *prejuicio* o *parcialidad personal* "se refiere a una actitud que se origina fuera del plano judicial, es decir, en el plano extrajudicial". *Mun. De Carolina v. CH Properties*, *supra*, pág. 712; *Pueblo v. Maldonado Dipiní*, 96 DPR 897, 910 (1969). Así, al determinar si existe o no prejuicio personal por parte de un juez, se debe analizar la totalidad de las circunstancias a la luz de la prueba presentada. *Ruiz v. Pepsico P.R., Inc.,* 148 DPR 586, 589 (1999). La doctrina sostiene que "el estándar ético es objetivo: si una persona

razonable, con conocimiento de todas las circunstancias, tendría dudas sobre la imparcialidad del juez". Cuevas Segarra, *op. cit.*, pág. 835. En resumen, ante una imputación de parcialidad o prejuicio, la parte promovente de la recusación "debe cimentarse en cuestiones personales serias, no triviales ni judiciales; es decir, una actitud originada extrajudicialmente en situaciones que revistan sustancialidad". *Ruiz v. Pepsico P. R., Inc.*, *supra*, pág. 588, citado con aprobación en *Mun. De Carolina v. CH Properties*, *supra*.

Asimismo, "la mera apariencia de parcialidad constituye motivo suficiente para la inhibición o recusación de un juez". *Lind v. Cruz*, 160 DPR 485, 494 (2003). De esta manera, se preserva la fe de la ciudadanía en el sistema de justicia. *Id.*, pág. 488. Así, pues, no solamente se requiere que los jueces sean imparciales, sino que su conducta excluya la apariencia de parcialidad. *Id.*, pág. 490. "Los tribunales de justicia deben velar porque la balanza en la que se pesan los derechos de todos los ciudadanos esté libre de sospechas, aunque las mismas sean infundadas". *Mun. De Carolina v. CH Properties*, *supra*, págs. 713-714; *In re Mercado Santaella*, 197 DPR 1032, 1064 (2017); *Sucn. Ortiz Campoamor Redín*, 125 DPR 106, 190 (1990).

**III.**

En este caso, si bien en ocasiones la Peticionaria confunde los términos de *perjuicio* y *prejuicio*, así como los de *imparcialidad* y *parcialidad*, en esencia, aduce que la *Resolución* recurrida es errada. Sostiene que la Jueza Álvarez Echeandía no ponderó la alegada conducta parcializada del Juez Durán Medero; que no evaluó los hechos puntuales expuestos por los que el Jurista supuestamente debe inhibirse; que no aplicó correctamente la norma sobre la recusación; y que trató la cuestión como una moción de reconsideración o un recurso apelativo.

En la causa presente, a pesar de que se trata de una solicitud de recusación al amparo de la Regla 63 de Procedimiento Civil, *supra*, la cual es similar a las solicitudes de descalificaciones de abogados y, por tanto, revisable al palio de la Regla 52.1 de Procedimiento Civil, *supra*,[25] estimamos que no se satisfacen en absoluto los criterios rectores de la Regla 40 del Reglamento de Apelaciones, *supra*. Opinamos que, en torno a esta relación de hechos judiciales, la señora Vientós Pacheco no ha demostrado que el manejo de la misma haya sido producto de prejuicios ni de la parcialidad por parte del Jurista.

Por un lado, el primer pronunciamiento [119] ya fue objeto de revisión. En aquella ocasión, determinamos denegar el recurso discrecional identificado con el alfanumérico KLCE202500074 al no satisfacerse los criterios de la Regla 40 de nuestro Reglamento, *supra*, ni demostrarse ningún prejuicio, parcialidad, abuso de discreción ni error craso y manifiesto en el proceder del Juez Durán Medero ni en la determinación adoptada. Por otra parte, con relación a la segunda determinación [120], la misma continúa *sub judice* y la Peticionaria tendrá su día en corte para exponer sus planteamientos jurídicos y refutar los esbozados por los Recurridos.

Así pues, luego de una revisión minuciosa del expediente provisto,[26] incluyendo los asuntos procesales de índole judicial más recientes ya discutidos, colegimos que, en el expediente que revisamos, hay ausencia total de hechos que nos intimen a intervenir con el dictamen recurrido. Los hechos procesales a los que alude la Peticionaria se basan en cuestiones estrictamente judiciales y no tienen un origen exógeno, no se trata de situaciones que revistan sustancialidad ni son ajenas al Derecho, de manera que no lograron arrojar dudas sobre la imparcialidad del Juez Durán Medero. Ante la

---

[25] Véase, *Job Connection Center v. Sups. Econo*, 185 DPR 585 (2012).
[26] Véase, Apéndice, págs. 30; 35; 37; 49-50; 52; 55; 59 (Hon. Valerie Concepción Cintrón). Refiérase, Apéndice, págs. 76-79; 82; 105-109; 139-141; 148-149; 152; 167; 176-177; 187-189; 192; 243-250; 253-254; 259-260; 268; 283; 330; 491; 513-514 (Hon. Orlando Durán Medero).

falta de hechos que aludan a cuestiones personales de envergadura, la inconformidad e insatisfacción con las decisiones judiciales se confronta a través de los remedios apelativos correspondientes; no mediante una solicitud de recusación.

**IV.**

Por lo antes expuesto, denegamos el auto de *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones